Federal Savings & Loan Insurance Corporation, Plaintiff-Appellee, v. Howard B. Quinn, et al., Defendants-Appellants.

Gen. No. 50,407.

First District, Fourth Division.

March 17, 1967.

Rehearing denied April 14, 1967.

Samuel E. Hirsch and Solomon Sachs, of Chicago, for appellants.

McCarthy, Witry, Lyon & McCarthy, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

On February 17, 1964, a judgment by confession in the amount of $315,902.10, was entered in favor of plaintiff, Federal Savings & Loan Insurance Corporation (hereinafter called Federal), against Howard B. Quinn and Charlotte J. Quinn (hereinafter called The Quinns). The subject matter of the judgment was a note in the amount of $300,000, executed by defendants, payable to American National Bank and Trust Company of Chicago, dated

April 2, 1963. The note was endorsed on June 19, 1963, to the order of Beverly Savings & Loan Association (hereinafter called Beverly). On December 31, 1963, Beverly, for a consideration, assigned the note to Federal. The assignment by Beverly stated that the note was endorsed, "specifically including the authority therein granted to confess judgment thereon." The note provided:

> "As security for the payment of this note and of all other existing and future obligations of the Undersigned, or any of them, to the *American National Bank and Trust Company of Chicago (hereinafter called the 'Bank')* of any nature whatsoever and howsoever acquired (this note and all such other obligations being hereinafter called the 'Obligations'), the Undersigned has pledged, transferred and delivered to the Bank the following property:"

The warrant of attorney in the note provided:

> "Each Obligor hereby authorizes irrevocably any attorney of any court of record to appear for such Obligor in such court at any time after this note becomes due, in term time or vacation, *and confess a judgment without process in favor of the Bank for the amount then due hereon,* together with costs of collection and reasonable attorneys' fees, and to release and waive all errors that may intervene and consent to immediate execution upon such judgment." [Emphasis supplied.]

In the first quotation taken from the note it is definitely stated that the term "Bank" refers throughout the note to the American National Bank and Trust Company of Chicago; consequently, where it is provided in the warrant of attorney that the signers of the note authorize any attorney to appear for them and confess a judgment in favor of the "Bank" it means that the right to confess

judgment is restricted to a confession of judgment in favor of the American National Bank and Trust Company of Chicago.

In the case before us judgment was confessed in favor of Federal. The name of Federal, the instant plaintiff, appears nowhere in the warrant of attorney granting power to confess judgment. No authority was given in the warrant of attorney to confess judgment in favor of Federal.

■■■■ In Mutual Realty, Inc. v. Gagidis, 298 Ill App 619, 18 NE2d 248 (Abst.), the court said:

> "A power to confess judgment must be strictly pursued, and a departure from the authority conferred will render the judgment void. Keen v. Bump, 286 Ill 11. And in Sharp v. Barr, 234 Ill App 214, it was held that where the warrant specifies a particular person in whose favor the judgment may be taken, it cannot be taken in favor of any other person. This case also holds that where no specific person is designated as beneficiary it becomes a matter of construction to ascertain who is meant. That is not the case here. Here the beneficiary is specifically named, . . ."

In Chase v. Dana, 44 Ill 262, the court said:

> ". . . if there was no power to enter the appearance and confess the judgment, it is a nullity, and binds no one, either in a direct or collateral proceeding, but may be attacked at all times, and in all courts; because the court must, in some mode, have jurisdiction of the defendant, or it cannot act."

■■■ In The People v. Coal Belt Elec. Ry. Co., 311 Ill 29, 142 NE 495, the court held that:

> "A void judgment may be reviewed by an appellate tribunal by writ of error or appeal. (Goodsell v.

Boynton, 1 Scam 555; People v. Evans, 262 Ill 235; 3 Corpus Juris, 467.) The Goodsell case, supra, was an appeal from a void judgment, and this court reversed it because 'the proceedings were coram non judice.' "

■ We find the judgment in the instant case was void. The judgment of the Circuit Court is reversed and the cause is remanded with directions that the judgment be vacated and held for naught.

Reversed and remanded with directions.

ENGLISH, P. J. and DRUCKER, J., concur.