DAVE M. SHATZ, Plaintiff-Appellant, *v.* WILFORD DUNN *et al.*, Defendants-Appellees.

(No. 73-325;

Fifth District—March 21, 1974.

PER CURIAM.
EBERSPACHER, J., took no part.

Robert L. Lansden, of Cairo, for appellant.

Jack Williamson, of Vienna, for appellees.

PER CURIAM:

The defendants-appellees are makers of a promissory note which became due on March 30, 1973. The payees of the note indorsed the note in favor of the plaintiff-appellant. The note contained the provision that judgment could be confessed against the makers "in favor of the holder."

On June 6, 1973, a confessed judgment was entered in favor of appellant in the sum of $34,952.50. The appellees subsequently filed a motion to vacate the judgment alleging that the note was non-negotiable and that a judgment confessed in favor of one other than the payee is void. The Circuit Court of Johnson County vacated the judgment, and this appeal is from that order.

■■■ The parties agree that the note is non-negotiable because it contained the provision that judgment could be confessed "at any time hereafter" (Ill. Rev. Stat., ch. 26, sec. 3—112(d); *Marengo State Bank v. Meyers,* 89 Ill.App. 421, 232 N.E.2d 75). Because the note in question was non-negotiable, article three of the Commercial Code, which would have governed this case if the note were negotiable, does not apply. Ill. Rev. Stat., ch. 26, sec. 3—101 *et seq.*

Ill. Rev. Stat. ch. 98, sec. 2, provides:

"Any such note, bond, bill or other instrument in writing, made payable to any person named as payee therein, shall be assignable, by indorsement thereon, under the hand of such person, and

of his assignees, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property thereof in each and every assignee successively."

The note in the instant case was indorsed by the payee in favor of the appellant, and that constituted an assignment in compliance with section 2.

Ill. Rev. Stat., ch. 98, sec. 3, provides:

"Any assignee to whom such sum of money or personal property is, by such indorsement or indorsements, made payable, or in case of the death of such assignee, his executor or administrator, may, in his own name, institute and maintain the same kind of action for the recovery thereof, against the person who made and executed any such note, bond, bill or other instrument in writing, or against his heirs, executors or administrators, as might have been maintained against him by the obligee or payee, in case the same action had not been assigned;   *   *   *."

In accordance with section 3, we hold that the appellant, as assignee of the note in question, did have the right to exercise the confession of judgment clause against the appellees just as the payee could have done if the note had not been assigned.

■■ Even though Ill. Rev. Stat., ch. 98, is titled, "Negotiable Instruments," sections 2 and 3 of that chapter do apply to certain non-negotiable instruments including the promissory note in the instant case. Sections 2 and 3 apply to instruments defined in Ill. Rev. Stat., ch. 98, sec. 1, which reads as follows:

"All promissory notes, bonds, due bills and other instruments in writing, made or to be made, by any person, body politic, or corporate, whereby such person promises or agrees to pay any sum of money or articles of personal property, or any sum of money in personal property, or acknowledges any sum of money or article of personal property to be due   *   *   *."

The plain language of section 1 results in the conclusion that sections 2 and 3 apply to all promissory notes, whether negotiable or non-negotiable, in which a person promises or agrees in writing "to pay any sum of money or articles of personal property, or any sum of money in personal property."

■■ Where a warrant of attorney specifies a particular person in whose favor a judgment may be confessed, a confession in favor of another is void. (*Keen v. Bump*, 286 Ill. 11, 121 N.E. 251; *Federal Savings & Loan Insurance Corp. v. Quinn*, 81 Ill.App.2d 121, 225 N.E.2d 696.) The promissory note in the instant case, however, provided for confession of judgment in favor of the "holder." Appellant, the assignee of the note,

was obviously a "holder" as defined by Ill. Rev. Stat., ch. 26, sec. 1—201(20). He therefore had the right to exercise the confession of judgment clause against the maker of the note.

For the foregoing reasons we reverse the holding of the Circuit Court of Johnson County vacating the confessed judgment and remand this cause for further proceedings.

Reversed and remanded.

Mr. JUSTICE EBERSPACHER took no part in the consideration of this case.