MAJS INVESTMENT, INC., Plaintiff-Appellant, v. ALBANY BANK & TRUST COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 87—3345

Opinion filed September 27, 1988.—Rehearing denied October 31, 1988.

Gary S. Tucker, of Chicago, for appellant.

Sonnenschein, Carlin, Nath & Rosenthal and Morgan & Karzov, Ltd., both of Chicago (Alan S. Gilbert, Alan M. Posner, Patricia W. Hatamyar, and Arnold J. Karzov, of counsel), for appellee.

JUSTICE EGAN delivered the opinion of the court:

The plaintiff, MAJS Investment, Inc. (MAJS), and Babu Patel filed a complaint in the circuit court of Cook County seeking money damages. The trial court relied on an exculpatory clause in a trust agreement existing between the parties and dismissed the complaint on the defendant's motion. Only MAJS appeals.

The original complaint filed in December 1986 and the first amended complaint alleged the following.

Under a land trust agreement dated October 13, 1980, the defendant became the legal title owner of a piece of real estate valued at $800,000 which was encumbered by a mortgage in the sum of $475,000. The named beneficiary was the plaintiff corporation. At the time the sole shareholder and president of the plaintiff corporation was Meena Patel, who had the power of direction and was the wife of Babu Patel. In March 1983 the defendant was served with a mortgage foreclosure complaint and summons filed against the real estate.

Upon receipt of the documents, the defendant forwarded them in an envelope addressed to Babu Patel at his home address, which was also the registered address of the plaintiff corporation. The cover letter enclosing the documents requested Babu Patel to acknowledge receipt thereof, to provide the defendant with the name, address and telephone number of his attorney and to direct his attorney to advise the defendant "that he is taking action to dismiss the bank or is taking other appropriate action to protect the interest of the bank as well as your own interest in this trust." The letter further stated that "[if] we do not hear from you or your attorney within ten days, it will be necessary that we turn this matter over to our attorney to perform such services and charge this trust accordingly for all expenses and attorney's fees." No letter was addressed to the plaintiff corporation or to Meena Patel, the sole shareholder of the corporation at the time, and the defendant received no response from either of them or Babu Patel. A default judgment of foreclosure was entered against the plaintiff corporation, and the plaintiff's motion to vacate the foreclo-

sure was subsequently denied.

Both the original complaint and the first amended complaint were in two counts. Count I was based on an allegation of a breach of fiduciary obligations. Count II was captioned "Punitive Damages" and made the same allegations as count I plus an allegation that the defendant "acted with a reckless disregard for the rights" of the plaintiff. The first amended complaint also alleged that the defendant knew that Babu Patel was frequently out of the city and not readily "communicable [sic]" and had agreed with him "to provide legal service to protect the interest of MAJS if necessary, and if Patel was not available; said service to be paid by Patel." The trial court, in dismissing the first amended complaint, held that since Babu Patel was not a beneficiary at the time of the foreclosure suit, the defendant owed him no duty. As noted, Babu Patel has not appealed.

■ The plaintiff bases its claim on two theories: First, the trust agreement provided that if the trustee shall be required to pay any sums of money on account of the trust or be made party to any litigation, the beneficiary was required to reimburse the trustee. It also provided as follows:

> "However, nothing herein contained shall be construed as requiring the trustee to advance or pay out any money on account of this trust or to prosecute or defend any legal proceeding involving this trust or any property or interest thereunder. The sole duty of the Trustee with reference to any such legal proceeding shall be to give timely notice thereof to the beneficiaries hereunder after the Trustee is served with process therein and to permit such legal proceedings to be brought or defended in its name, provided that it shall be indemnified in respect thereto in a manner satisfactory to it."

The plaintiff contends that the defendant breached that duty to give timely notice to the proper party. Second, the plaintiff maintains that the letter of March 25, 1983, which the bank sent mistakenly to Babu Patel with a copy of the foreclosure complaint, constituted a modification of the trust agreement and that the bank was obligated thereby to provide legal services. The plaintiff's second argument we may deal with summarily. The very case it cites, *John Kubinski & Sons v. Dockside Development Corp.* (1975), 33 Ill. App. 3d 1015, 339 N.E.2d 529, is authority against it. In order that a modification of a contract may be established, it must be shown that the parties assented to the same terms. There is no showing in the pleadings that the defendant agreed to assume the obligation to defend the action; nor is there any showing that the beneficiary agreed to have the trustee defend.

In response to the plaintiff's first argument, the defendant points to the following language of the trust agreement:

"It is further understood and agreed that neither the Albany Bank & Trust Company, N.A. individually or as Trustee, nor as successor or successors in trust, shall incur any personal liability or be subjected to any claim, judgment or decree for anything it or they, or their agent or attorneys, may do or omit to do in or about the said real estate or under the provisions of said deed or deeds in trust or *this Trust Agreement*, or any amendment thereof, or for injury to person or property happening in or about said real estate or for any improvident conveyances, any and all such liability being hereby expressly waived and released." (Emphasis added.)

The trial court held that the mailing of the letter to Babu Patel, the husband of the president of the plaintiff corporation, rather than to the corporation was a "technical violation" and, therefore, the exculpatory provision of the trust agreement prevailed.

■■ The law dealing with exculpatory provisions in trust agreements has been set out in *Axelrod v. Giambalvo* (1984), 129 Ill. App. 3d 512, 517, 472 N.E.2d 840, 844:

"Although exculpatory provisions *** do not enjoy special favor in the law, if they are inserted in a trust instrument they are generally held effective except as to breaches of trust committed in bad faith or intentionally or with reckless indifference to the interest of the beneficiary. [Citations.]"

In that case, the appellate court upheld dismissal of counts which alleged, the court noted, "technical violations of the trust agreement." (*Axelrod*, 129 Ill. App. 3d at 517.) We agree with the trial court and the defendant that *Axelrod v. Giambalvo* is applicable here.

The plaintiff states correctly that exculpatory provisions are to be construed strictly against the person seeking its protection. But the language of the exculpatory provision states expressly that it shall apply to claims made against the defendant for omitting to do anything "under this Trust Agreement." There is, in our judgment, no ambiguity to be construed.

■■ In order to survive a motion to dismiss, a complaint must allege facts which, when considered together, establish the cause of action which the plaintiff seeks to state. (*Rabel v. Illinois Wesleyan University* (1987), 161 Ill. App. 3d 348, 514 N.E.2d 552.) The complaint should not be dismissed unless the pleadings disclose that no set of facts could be proved that would entitle the plaintiff to relief. (*Kerr Steamship Co. v. Chicago Title & Trust Co.* (1983), 120 Ill. App.

3d 998, 458 N.E.2d 1009.) The first question before us, therefore, is whether the complaint states *facts* which would establish that the failure of the defendant to notify the plaintiff corporation was intentional, reckless or in bad faith.

The complaint in issue was in two counts, and count I does not allege any facts from which it could be inferred that the defendant had acted intentionally, recklessly or in bad faith. It is clear to us, therefore, that count I was properly dismissed.

■ Count II, as we have noted, was captioned "Punitive Damages," repeated all the allegations of count I and added the allegation that the acts were done with reckless disregard for the rights of the plaintiff. The defendant argues here that that allegation in count II is a legal conclusion which is not admitted by a motion to dismiss or, even if a conclusion of fact, is not supported by allegations of well-pleaded specific facts upon which the conclusion of "reckless disregard" may rest. The plaintiff has made no response to that argument. In the trial court the defendant made the same argument in its written motion to dismiss. The plaintiff's written response was that "any breach of fiduciary duty is, as a matter of law, an act done with reckless indifference to the interests of the beneficiary."

During oral argument on the motion to dismiss, the plaintiff's attorney sought to distinguish *Axelrod v. Giambalvo* by stating that he had pleaded reckless disregard in count II. The defendant's attorney responded by repeating what the defendant had said in its written motion: that that allegation was a conclusion, was not well-pleaded and that the court did not have to take that allegation as true. The plaintiff's attorney did not respond to that argument. The trial court in its summation giving the reasons for its ruling said that there had been no allegations that the breach of trust was in bad faith or that it was intentionally caused or that it was caused with reckless indifference to the interest of the beneficiary. No response was made by the plaintiff's attorney to that statement by the court.

We set out the positions taken in the trial court and in this court because we do not mean by our silence to indicate an acceptance of the defendant's argument that the allegation of reckless disregard was not sufficient. (See *Church v. Adler* (1953), 350 Ill. App. 471, 113 N.E.2d 327; *cf. Burr v. State Bank* (1951), 344 Ill. App. 332, 100 N.E.2d 773.) But we need not decide whether the allegation was sufficient because the plaintiff has waived the argument. Even if we assume that the plaintiff preserved the question in the trial court, which is most questionable, it is obvious that it has not done so in this court. Under the circumstances it would be inappropriate for a reviewing

court to pass on the question. (See *Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 396 N.E.2d 34.) We conclude, therefore, that count II also was properly dismissed.

For these reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

HARTMAN, P.J., and BILANDIC, J., concur.