COMMUNITY CONVALESCENT CENTER OF NAPERVILLE, INC., Plaintiff-Appellant, v. FIRST INTERSTATE MORTGAGE COMPANY OF ILLINOIS *et al.*, Defendants-Appellees.

Second District   No. 2—88—0570

Opinion filed April 27, 1989.

Ronald E. Shadle, of Cappetta & Shadle, of Oakbrook Terrace, for appellant.

George N. Gilkerson, Jr., of Rooks, Pitts & Poust, of Wheaton, and Robert S. Minetz, of Cowan & Minetz, and Francis J. Pendergast, of Garvey & Novy, Ltd., both of Chicago, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Community Convalescent Center of Naperville, Inc., appeals from the order of the circuit court granting summary judgment in favor of defendants, First Interstate Mortgage Company of Illinois (First Interstate), Household Bank, Cragin Federal Savings and Loan Association (Cragin), Regency Savings Bank (Regency), Olympic Federal Savings and Loan Association (Olympic), Gibson Federal Savings and Loan Association (Gibson), and Champion Federal Savings and Loan Association (Champion). The issue raised on appeal is whether the court erred in finding that plaintiff was not entitled to recover for 30 days' interest it paid under an installment note and mortgage. We reverse and remand this cause for further proceedings.

On April 15, 1981, the parties entered into an agreement for an installment note and mortgage to plaintiff in the sum of $2,036,379.90. First Interstate acted as the collection agent for defendants. Under the terms of the note, plaintiff was entitled to prepay the balance due at any time on 30 days' prior written notice to defendants. The note further provided that plaintiff would be required to pay 90 days' interest if it exercised its right to prepay the note.

Prior to May 2, 1986, plaintiff orally notified defendants that plaintiff was exercising its right to prepay the balance. On May 2, 1986, plaintiff requested a payoff letter to memorialize the payment. On or about May 5, 1986, plaintiff received the payoff letter from First Interstate stating the amount required for payment in full of the loan. That letter included a prepayment penalty of 120 days' interest on the balance due on the note. On May 6, 1986, plaintiff notified

First Interstate that it objected to the amount represented as prepayment penalty and was therefore paying the entire amount requested by defendants under protest. Plaintiff paid the entire amount on that date.

Plaintiff filed suit in the circuit court of Du Page County seeking return of 30 days' interest, which amounted to $19,924.50. Defendants answered, and the parties subsequently made oral motions for summary judgment. Plaintiff argued that the note provided for only 90 days' interest as a condition of prepayment while defendants charged plaintiff 120 days' interest. Plaintiff also argued that defendants' acceptance of the prepayment constituted a waiver of their right to require 30 days' written notice. Defendants responded that they were entitled to the additional 30 days' interest on the basis that had plaintiff given 30 days' written notice as required by the note, defendants would have collected the interest accrued on the note during that 30 days. Defendants argued that they should not suffer any loss as a result of plaintiff breaching the contract by violating the notice provision. Defendants also argued that plaintiff could not recover because it voluntarily paid the sum.

In its letter of opinion, the trial court found that the note was unambiguous and, for the privilege of prepaying the entire note at any time, plaintiff was "required to give 30 days notice and pay 90 days interest; therefore, Defendants were entitled as their part of the bargain to 120 days interest." The trial court entered an order granting defendants' motion for summary judgment, and plaintiff brought this timely appeal.

Initially, we note that the brief of defendants First Interstate, Household Bank, Olympic, Gibson, and Champion is not in conformity with Supreme Court Rule 341(e)(7) in that it is devoid of any citation to the record. (See 113 Ill. 2d R. 341(e)(7).) This court is distressed by the increased frequency with which our supreme court rules have been ignored. We note these violations of our supreme court rules as part of an on-going process to alert the bar that future violations will be met with appropriate sanctions.

■ This cause was disposed of in defendants' favor on cross-motions for summary judgment. Summary judgment should be granted only when the pleadings, depositions, admissions on file, and affidavits present no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Summary judgment is an expeditious method of disposing of a lawsuit and should only be granted when the right of the moving party is clear and free from doubt. *Kelman v. University of*

*Chicago* (1988), 166 Ill. App. 3d 137, 141.

Before addressing the issues raised by plaintiff, we first consider defendants' contention that the trial court's interpretation of the note is irrelevant since plaintiff voluntarily paid the sum, and, under *Illinois Merchants Trust Co. v. Harvey* (1929), 335 Ill. 284, plaintiff cannot recover. Defendants also cite *Kanter & Eisenberg v. Madison Associates* (1987), 116 Ill. 2d 506, 512, for the proposition that under the voluntary-payment doctrine, any payment made with knowledge of the relevant facts cannot be recovered unless the payment was made under duress or compulsion.

■ Defendants' reliance on *Kanter* and *Illinois Merchants Trust Co.* is misplaced. In *Kanter*, the court stated that "there [was] no reason to extend the concept of voluntariness, as the court in *Illinois Merchants* apparently did, to encompass any payment not preceded by a formalistic demand for equitable relief." (*Kanter*, 116 Ill. 2d at 514.) Thus, the court in *Kanter* recognized that involuntariness was a broader concept than the *Illinois Merchants Trust Co.* court held it to be. Indeed, our supreme court has stated that "protest is the best evidence of an unwillingness to pay" and therefore "precludes a finding of voluntariness, which is a prerequisite to the application of [the voluntary-payment] doctrine." (*Isenstein v. Rosewell* (1985), 106 Ill. 2d 301, 309.) We conclude that since plaintiff paid the 30 days' interest "under protest," plaintiff is not barred from recovery under the voluntary-payment doctrine.

Turning to plaintiff's first argument, plaintiff contends that the trial court erred by granting summary judgment in defendants' favor since defendants waived the advance notice requirement by accepting the prepayment. We agree.

■ In construing a contract, the primary objective is to give effect to the intent of the parties at the time they entered into the contract. (*Gardner v. Padro* (1987), 164 Ill. App. 3d 449, 453.) When the terms of a contract or note are clear and unambiguous, the intent of the parties may only be discerned from the language used in the instrument. 164 Ill. App. 3d at 453.

■ The relevant section of the note in the instant action provides:

> "The undersigned shall have the privilege to prepay the entire principal balance of the indebtedness evidenced by this Note, together with accrued interest thereon to date of payment, *** upon giving thirty (30) days written notice to the legal holder hereof of intention to make such prepayment, on condition that the undersigned shall also pay *** a premium

equal toninety [*sic*] (90) days interest *** on the amount so prepaid."

The language "upon giving thirty (30) days written notice" indicates an intention to have advance notice as a condition precedent to prepayment. A condition precedent must be performed by one party before the other party is obligated to perform. (*Lyntel Products, Inc. v. Alcan Aluminum Corp.* (1981), 107 Ill. App. 3d 176, 180.) Thus, plaintiff's failure to provide 30 days' notice negated defendants' obligation to accept prepayment.

However, it is well established that the parties to a contract have the power to waive a provision placed in the contract for their benefit. (*Whalen v. K mart Corp.* (1988), 166 Ill. App. 3d 339, 343; *Harrington v. Kay* (1985), 136 Ill. App. 3d 561, 563-64.) Waiver is an express or implied voluntary and intentional relinquishment of a known and existing right. (*Whalen*, 166 Ill. App. 3d at 343.) Waiver of a contractual provision may be established by conduct indicating that strict compliance with the provision will not be required. (*Whalen*, 166 Ill. App. 3d at 343; *Harrington*, 136 Ill. App. 3d at 564.) The sufficiency of facts necessary to constitute waiver of a contractual provision is a question of law. *Whalen*, 166 Ill. App. 3d at 343.

In the instant action, defendants accepted the prepayment with the knowledge that plaintiff had violated the notice provision. Defendants could have rejected the prepayment and demanded that plaintiff wait 30 days before it prepaid the entire balance owed. However, accepting the prepayment was inconsistent with their right to require 30 days' advance notice. In addition, nothing in the note allows for defendants to increase the prepayment penalty in response to plaintiff's violation of the notice provision. We conclude that defendants' actions constituted a waiver of the notice provision and defendants were not entitled to 30 days' additional interest in place of that waiver.

Accordingly, the trial court erred in granting summary judgment in favor of defendants. The order of the circuit court is reversed, and this cause is remanded with directions that the trial court enter judgment in favor of plaintiff.

Reversed and remanded.

UNVERZAGT, P.J., concurs.

JUSTICE REINHARD, dissenting:
I respectfully dissent from the majority's conclusion that, by ac-

cepting prepayment of the balance defendants claimed was due on the note, defendants waived any rights under the terms of the note. No pertinent authority is cited by the majority, except cases generally expressing the waiver principle, to support this holding. In fact, it is clear from the actions of both parties that defendants, rather than intentionally waiving the right to collect all the interest they claimed was due, demanded the full 120 days' interest which they asserted was due upon prepayment. Plaintiff paid what was demanded, albeit "under protest." No cases are cited by the majority for the proposition that paying a debt "under protest" causes the person accepting the payment to lose any rights.

Waiver principles are inapplicable to the instant case as the doctrine is properly invoked in defense against the enforcement of the contractual right claimed to be waived. *Whalen v. K mart Corp.* (1988), 166 Ill. App. 3d 339, 519 N.E.2d 991, cited by the majority, states that "[if a party] has intentionally relinquished a known right, either expressly or by conduct inconsistent with an intent to enforce that right, *he has waived it and may not thereafter seek judicial enforcement.*" (Emphasis added.) (166 Ill. App. 3d at 343, 519 N.E.2d at 994.) The underlying rationale is that "[a] party to a contract may not lull another into a false assurance that strict compliance with a contractual duty will not be required and then sue for noncompliance." (166 Ill. App. 3d at 343, 519 N.E.2d at 994.) In the instant case, defendant has not sought enforcement of the notice provision, and I find no authority that would allow a party to offensively assert waiver to recover amounts already paid under the contract, as plaintiff seeks to do here.

As I view the transaction, it appears that plaintiff expressed its desire to prepay the note and defendants, seeking to accommodate plaintiff without sacrificing the 30 days' interest they would receive if they enforced the 30-day notice provision, offered plaintiff the option of discharging the debt immediately by including the 30 days' interest. Therefore, defendants sent a payoff letter to plaintiff stating that an immediate prepayment would result in a total of 120 days' interest. Plaintiff notified defendants that it objected to inclusion of the 30-day interest calculation, but, thereafter, paid the total amount demanded by defendants as a full payoff, apparently wishing to sell the property immediately.

I believe the parties, in effect, modified the contract by their conduct. An existing contract may be modified with the assent of both parties (see *MAJS Investment, Inc. v. Albany Bank & Trust Co.* (1988), 175 Ill. App. 3d 478, 480, 529 N.E.2d 1035; 17 Am. Jur. 2d

*Contracts* §465 (1964)), and such a modification by subsequent agreement is subject to the rules governing all contracts. (*Scutt v. La Salle County Board* (1981), 97 Ill. App. 3d 181, 185, 423 N.E.2d 213.) Here, defendants offered plaintiff the option of an immediate prepayment payoff which included the 30-day period of interest which defendant would have been entitled to if notice had been given as provided under the contract. Even though plaintiff objected to that amount, it paid it in full, in effect accepting defendant's offer, in order to sell the property at that time. The modification was supported by consideration on both sides in that defendants were not required under the original contract to accept the prepayment without notice, and plaintiff was under no obligation to prepay. Thus, rather than finding a waiver against defendants, I would conclude that defendants properly received the 30 days' interest pursuant to the contract as modified, and plaintiff has established no basis for the return of this amount.

For the foregoing reasons, I would affirm the judgment of the circuit court.