In re Herman Joseph MARINO, Debtor.

Herman Joseph MARINO, Plaintiff,

v.

CHRYSLER CREDIT CORP., Defendant.

Bankruptcy No. 95 B 22465.
Adv. No. 96 A 00272.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 23, 1997.

Gregory K. Stern, Chicago, IL, for Plaintiff/Debtor.

Maurice J. McCarthy and Jessica Tovrov, Querry & Harrow, Chicago, IL, for Defendant Chrysler Creditor Corp.

## ˙MEMORANDUM OPINION ON MOTION TO RECONSIDER

JACK B. SCHMETTERER, Bankruptcy Judge.

Defendant Chrysler Credit Corporation ("Defendant" or "CCC") seeks reconsideration of the earlier decision herein denying it summary judgment on Count III. In that Count, the Debtor Plaintiff seeks under 11 U.S.C. § 547 to avoid a transfer of his interest that occurred within the 90 days before he filed his bankruptcy. That transfer is asserted to have been effected by a District Court order for turnover of property against which a citation lien had previously affixed by service of post-judgment citation earlier than the 90–day period.

All substantive post-judgment motions filed within 10 days of judgment are reviewed under Fed.R.Civ.P. 59(e) (pursuant to Fed. R. Bankr.P. 9023) as motions to alter or amend the judgment. *Mendenhall v. Goldsmith,* 59 F.3d 685, 689 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 568, 133 L.Ed.2d 492 (1995). Such motions, often mischaracterized as "motions to reconsider," serve to correct a court's own errors; they are not vehicles for relitigation or new legal theories. *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995). Since summary judgment was denied, not allowed, it is doubtful that Rule 59(e) applies. Rather than deny the motion on that ground, however, some extended discussion of the issues is warranted.

Defendant argues that the "transfer" for purposes of § 547 occurred when the citation was served, not when the turnover order was entered, and therefore § 547 does not apply. This argument assumes there was only one transfer of rights, when in fact there were two transfers.

As indicated in the original opinion, 201 B.R. 234, authorities are not uniform as to the effect of service of a citation summons where the related turnover order was issued within the 90–day preference period (201 B.R. at 243), although it is established that service of the citation under Illinois law creates a lien. A citation lien remains subject to attack and modification until the turnover order. *See* ILCS S.Ct. R. 277; 735 ILCS 5/2–1402(m)(2). It is the turnover order which makes the lien irrevocable. *See In re T.M. Sweeney & Sons, LTL Services, Inc.,* 120 B.R. 101, 105 (Bankr.N.D.Ill.1990); *In re Lifchitz,* 131 B.R. 827 (Bankr.N.D.Ill.1991); *In re Dean,* 80 B.R. 932, 934 (Bankr.C.D.Ill. 1987).

Analysis of the interface of the Illinois citation lien and the requirements of § 547 has its basis in property law. Property consists of a bundle of rights. The bundle of rights which accrue to a secured party are smaller than the rights which accrue to the owner. *United States v. Security Indus. Bank,* 459 U.S. 70, 75, 103 S.Ct. 407, 411, 74 L.Ed.2d 235 (1982). There are rights of possession as well as rights of title and security. As stated in the earlier opinion, the general definition of "transfer" is a broad one. 201 B.R. at 247–48. "Under this definition, any transfer of an interest in property is a transfer, including a transfer of possession, custody, or control even if there is no transfer of title, because possession, custody and control are interests in property." S.Rep. No. 989, 95th Cong.2d Sess. 27 (1978) U.S.Code Cong. & Admin.News 5787, 5813. Even after lien rights arise, debtors' remaining rights to use and possession prior to lien enforcement are also "interest[s] of the debtor in property" which are subject to § 547. *In re Union Meeting Partners,* 163 B.R. 229, 236 (Bankr.E.D.Pa.1994) (enforcement of perfected security interest was a preference to extent it deprived owner of possession and use) (collecting cases); *In re R & T Roofing Structures and Commercial Framing, Inc.,* 42 B.R. 908, 915 (Bankr.D.Nev.1984) (Section 547 may be used to avoid tax levy in satisfaction of a tax lien). *But see Matter of Sekutera,* 62 B.R. 387 (Bankr.D.Neb.1986).

A lien right alone does not give the lienholder right and title to property. Rather, it is a method of giving the lienholder priority as to the property and security as to compensation. Enforcement of the lien gives the lienholder entirely different rights. Such a transfer within the 90–day preference period may be avoidable as a preference.

Even assuming *arguendo* that service of the citation effected a "transfer" that applied a lien on Debtor's property outside the 90–day reach-back period, that did not transfer either title or possessory rights. The latter rights passed at time of the turnover order. Each transfer of rights can be a "transfer" under § 547(b) ("any transfer of an interest of the debtor in property"). Even assuming *arguendo,* as CCC suggests, that no "perfection" was needed under Illinois law to fix Defendant's lien rights when the citation was served, there was a subsequent transfer of title and possessory rights when the turnover order was entered. Any such "transfer" may fall within § 547.

The turnover order involved in this case occurred during the 90–day preference period. However, whether or not the transfer may be avoided as a preference cannot be decided here. As earlier ruled, a trial must be held as to whether the turnover order allowed CCC to receive more than it would have if the turnover order had not been entered.

The "motion to reconsider" is denied.