**In re Keith DEAN, individually and d/b/a Keith Dean Contracting and BEVCO, limited partnerships, and Beverly A. Dean, Debtors.**

**Jeffrey C. TAYLOR, as Trustee in Bankruptcy, Plaintiff,**

**v.**

**MILLIKIN NATIONAL BANK, a Banking Institution, Defendant.**

**Bankruptcy No. 385–00953. Adv. No. 87–7176.**

United States Bankruptcy Court, C.D. Illinois.

Dec. 14, 1987.

Jeffrey C. Taylor, Decatur, Ill., trustee.

Jeff Justice, Decatur, Ill., for defendant.

## OPINION

LARRY L. LESSEN, Chief Judge.

The issue before the Court is whether a post-petition payment to the Millikin National Bank which was made pursuant to a Citation to Discover Assets and a turnover order entered more than ninety days before the filing of the bankruptcy petition constitutes a preference under 11 U.S.C. Sec. 547(b).

The material facts are not in dispute. On May 24, 1984, a judgment was entered in the Macon County Circuit Court in favor of the Defendant, Millikin National Bank of Decatur, and against the Debtor, Keith Dean, in the amount of $51,433.27.

On May 29, 1984, a Citation to Discover Assets was served upon Eastern Illinois University. The Debtor, doing business as Keith Dean Contracting, had previously performed remodeling work in the Eastern Illinois Student Union Building. The work had been completed and payment made as of October 19, 1982, except for $2,378.01 for which Eastern Illinois was never billed. Eastern Illinois considered this sum to be due and payable to Keith Dean Contracting.

On May 31, 1984, an agreed order was entered by the Macon County Circuit Court directing Eastern Illinois University to turn over to the Millikin National Bank the sum of $2,378.01.

On June 22, 1984, the Debtor's motion to open judgment by confession was allowed, and the May 24, 1984, judgment was vacated. Trial was set for July 26, 1984, but later continued to September 27, 1984.

On September 6, 1984, the Debtor's motion to vacate turnover order was denied.

On September 27, 1984, the trial was held in the Circuit Court. After hearing the evidence and arguments, the Circuit Court found in favor of the Bank and

against the Debtor. Total judgment was set at $45,938.58 plus costs of suit.

On June 17, 1985, the Debtor filed his bankruptcy petition pursuant to Chapter 7 of the Bankruptcy Code.

In April, 1986, the Millikin National Bank received a $2,378.01 check from Eastern Illinois University.

On June 17, 1986, the Trustee filed the instant adversary proceeding to recover the $2,378.01 payment to the Millikin National Bank. The Trustee argues that the payment was a preference under 11 U.S.C. Sec. 547(b). Millikin responds that the citation proceedings and turnover order created a lien in favor of the Bank, and that the payment pursuant to the lien was not a preference.

■ Initially, the Court notes that Sec. 547(b)(4)(A) requires that a preferential transfer occur within ninety days before the date of the filing of the bankruptcy petition. In this case, the transfer occurred either on May 29, 1984, when Eastern Illinois University received the citation to discover assets, *See, In re Einoder*, 55 B.R. 319, 325 (Bankr.N.D.Ill.1985), or in April, 1986, when the Bank received the check from the University. In either case, it is clear that the transfer did not take place within the ninety day preference period. If the transfer occurred when the judicial lien attached to the Debtor's property, then the transfer occurred well outside the preference period. If the transfer did not take place till the funds were actually transferred, there is no preference issue and the money could only be recovered by the Trustee as a post-petition transfer under 11 U.S.C. Sec. 549. Thus, it is clear that the ninety day requirement of Sec. 547(b)(4)(A) has not been satisfied in this case.

■ The Trustee argues that the Bank never perfected its lien on the account receivable. Therefore, the Trustee maintains that since the transfer of the funds during the ninety day preference period would have been a preference as a payment to an unsecured creditor, the transfer was still a preference when it occurred after the filing

of the petition. No authority is cited in support of this theory, and the Court rejects it as contrary to the clear language of 11 U.S.C. Sec. 547(b).

In any event, the Court finds that the Millikin Bank properly perfected its lien on the account receivable prior to the filing of the bankruptcy petition. The Bank argues that the account receivable is an intangible item of personal property, and that the initiation of the citation proceedings pursuant to Ill.Rev.Stat., Ch. 110, Sec. 2–1402 created a judicial lien in this intangible property. The Trustee counters that the account receivable is not an intangible property interest. Rather, he argues that the account receivable is tangible property, and the Bank did not have a security interest in the account receivable because it failed to file a certified copy of the judgment with the sheriff. *See,* Ill.Rev.Stat. 110, Sec. 12–111.

■ The Court believes a citation to discover assets proceedings creates a lien upon all the personal property of the Defendant, and that it does not make any difference whether the property is classified as tangible or intangible. As recognized by Judge Eisen, "a citation to discover assets creates a lien which attaches to *any personal property* discovered pursuant to the citation." *In re Stoner Investments, Inc.*, 7 B.R. 240, 241 (Bankr.N.D.Ill.1980) (emphasis added), citing *Levine v. Pascal*, 94 Ill.App.2d 43, 55, 236 N.E.2d 425 (1968).

■ Moreover, there was more than just the issuance and service of a citation proceeding in this case. There was also a turnover order. Once the turnover order was entered, the Debtor lost all interest in the property. *See, In re Nealis*, 52 B.R. 329, 333 (Bankr.N.D.Ill.1985).

The Trustee also raises the question as to the validity of the citation proceedings after the judgment was vacated. The Court does not believe that the Bank lost its lien simply because the judgment upon which it was based was opened up. Indeed, the state court specifically denied the Debtor's motion to vacate the turnover or-

der. Both the citation and turnover order remained in effect during the three month period between the date the original judgment was vacated and the date the second judgment was entered against the Debtor.

For the foregoing reasons, the Trustee's complaint to avoid preference is DENIED.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.