*In re* MARRIAGE OF KATHLEEN SCOTT, n/k/a Kathleen Klieber, Petitioner-Appellee, and TIMOTHY SCOTT, Respondent-Appellant.

Third District   No. 3—96—0441

Opinion filed December 13, 1996.

Terry O'Donnell (argued), of Elmhurst, for appellant.

Lisa M. Olivero (argued), of Peru, for appellee.

PRESIDING JUSTICE BRESLIN delivered the opinion of the court:

In this appeal we are asked to determine whether the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/101 *et seq.* (West 1994)) renders a child support provision void when the amount of support is listed as a percentage of income. We hold that the child support provision is not void. We also hold that the court's finding that appellant was willfully in violation of a court order was supported by the evidence and, thus, the statute requires that appellant pay his former spouse's reasonable attorney fees.

On December 24, 1991, a judgment was entered dissolving the marriage of Kathleen and Timothy Scott. Included in the judgment was a joint parenting agreement regarding their two minor children. The judgment awarded joint custody to the parties and physical custody to Kathleen. The agreement provided:

"TIMOTHY shall pay to KATHLEEN for child support, 25% of his base net salary from all sources, with increases to be made when TIMOTHY's income is increased which figure is currently $200 per check, bi-monthly."

After the dissolution of marriage, Tim made the payments in accordance with the order. He later changed jobs, and his salary increased. However, Tim did not modify his support payments accordingly. Instead, he continued to send payments in the amount of $400 per month. Kathleen then brought the present petition for rule to show cause claiming that Tim willfully refused to comply with the child support provision of the judgment.

At the evidentiary hearing on the petition, Kathleen testified about discussions she and Tim had when negotiating the agreement. She stated that Tim wanted the agreement to require a percentage of his income rather than a specified amount so that the parties could avoid further court costs after the judgment. Kathleen testified that she contacted Tim on a regular basis to inquire whether his salary had increased. She stated that he constantly denied that his salary increased.

Tim denied that Kathleen ever contacted him to discuss his salary. Additionally, he testified that he was not represented at the dissolution proceedings and that no one had explained how the 25% was to be calculated. Moreover, he argued that a percentage provision was invalid and that the only portion that was enforceable was the part that called for the payment of a specific dollar amount.

The trial court found that the provision was valid and that Tim had willfully failed to comply with the child support portion of the judgment. In making its determination, the court noted that it relied

upon the credibility of the witnesses. The court concluded that Kathleen was a very credible witness while Tim had a "substantial lack of credibility." Ultimately, judgment was entered against Tim in the amount of $6,580 in arrearages; his bi-monthly payments were increased to $294. Additionally, the court ordered Tim to pay Kathleen's attorney fees. Tim appeals.

The first issue is whether the portion of the settlement agreement that called for the child support to be paid as a percentage of Tim's income was void.

■ Section 505 of the Act provides that the minimum amount of child support a parent of two children must pay is 25% of the party's net income. 750 ILCS 5/505(a)(1) (West 1994). However, subsection (a)(5) provides that "[t]he final order in all cases shall state the support level in dollar amounts." 750 ILCS 5/505(a)(5) (West 1994).

■ The question of whether the inclusion of a percentage rate renders the support provision void is one of first impression in this court. However, several other courts have addressed this question resulting in a split of authority.

In the first line of cases, the courts conclude that neither the Act nor the trial court's inherent powers permit it to order child support as a percentage of income. These courts reason that since section 505(a)(5) does not allow child support to be stated in percentages rather than dollar amounts, the trial court's order stating support as a percentage is void due to a lack of jurisdiction. See *In re Marriage of Ingram*, 259 Ill. App. 3d 685, 631 N.E.2d 386 (1994); *In re Marriage of Sheetz*, 254 Ill. App. 3d 695, 627 N.E.2d 154 (1993). Moreover, the requirements of the section are found to coincide with the statutory rule that the court must approve any modification of the support obligation in order to protect the interests of the child. See 750 ILCS 5/510(a) (West 1994); *Ingram*, 259 Ill. App. 3d at 689, 631 N.E.2d at 390.

However, the second line of cases rejects *Sheetz* and *Ingram*. These courts hold that, although the trial court may be misapplying the statute when it grants a support provision based on a percentage of the payor's income, the action does not render the percentage provision void for lack of jurisdiction. See *In re Marriage of Baggett*, 281 Ill. App. 3d 34, 666 N.E.2d 850 (1996); *In re Marriage of Florence*, 260 Ill. App. 3d 116, 632 N.E.2d 681 (1994); see also *In re Marriage of Liss*, 268 Ill. App. 3d 919, 645 N.E.2d 341 (1994) (agreeing with *Florence* on jurisdiction and holding that statutory requirements are met by percentage of income when percentage exceeds a base dollar amount). These courts reason that, although a judgment that provides a percentage rather than dollar amount may be erroneous, the

legislature did not expressly direct that child support orders that do not set out the amount of support in dollar amounts are void. *Florence*, 260 Ill. App. 3d at 121, 632 N.E.2d at 685. Additionally, the *Liss* court found that such a conclusion was proper in light of subsection (a)(5)'s purpose of easing the burden of the court clerks. According to *Liss*, the legislative history of this section reveals that only specific dollar amounts could be accepted by the clerks' computers. The *Liss* court refused to allow jurisdiction to be defeated simply because a computer program could not calculate a percentage. See *Liss*, 268 Ill. App. 3d at 923, 645 N.E.2d at 344.

We agree with the jurisdictional view adopted in *Florence*, *Liss* and *Baggett*. The Act does not by its terms prohibit the use of a percentage rate in a child support order. Although it may have been improper to include the percentage in the order, we hold that the order is not void.

■ The second issue is whether the court's finding that Tim acted willfully and contemptuously in violation of a court order was against the manifest weight of the evidence.

Whether a party is guilty of contempt is a question of fact for the trial court, and the court's ruling will not be disturbed on appeal unless it is against the manifest weight of the evidence. *In re Marriage of Hardy*, 191 Ill. App. 3d 685, 548 N.E.2d 139 (1989).

Tim argues that the court abused its discretion when it found him in contempt for violating a portion of a marital settlement agreement that courts in other jurisdictions had determined was void. We disagree.

The evidence established that Tim sought to have a percentage amount included in the support agreement to avoid future costs. Tim did not offer any evidence demonstrating that he relied on the decisions from other districts when he failed to comply with the order. Additionally, the trial court found Tim's testimony lacked credibility. Considering the order's clarity, we cannot see how any difficulty could arise when complying with it. Therefore, we hold that the finding was not against the manifest weight of the evidence.

■ The final issue is whether the court erred when it ordered Tim to pay Kathleen's reasonable attorney fees as a result of the contempt finding.

When a failure to comply with a court's order is without cause or justification, an award of reasonable attorney fees is mandatory. 750 ILCS 5/508(b) (West 1994); *In re Marriage of Dieter*, 271 Ill. App. 3d 181, 648 N.E.2d 304 (1995).

The trial court found that Tim was willfully in contempt and that section 508 required that he pay Kathleen's reasonable attorney

fees. The court was correct. Because we have upheld the court's finding that Tim was willfully in contempt of the court's order, the fee order is likewise upheld.

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HOLDRIDGE, P.J., and SLATER, J., concur.