# Illinois Official Reports

## Appellate Court

<div style="border: 2px solid black;">

*Country Mutual Insurance Co. v. Hilltop View, LLC,*
2014 IL App (4th) 140007

</div>

| | |
|---|---|
| Appellate Court Caption | COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. HILLTOP VIEW, LLC, an Illinois Corporation; PROFESSIONAL SWINE MANAGEMENT, LLC, an Illinois Corporation; DONALD WARD; DIANNE WARD; JAMES VAUGHN; MARJEAN VAUGHN; JOE HEATON; PAM HEATON; BILLY JOE TROUTMAN; JULIE TROUTMAN; GARY L. HAND; PAULETTE L. HAND; JAMES A. HOPKINS; KAREN S. HOPKINS; DONALD L. BROWN; AND GAYLEEN J. BROWN, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-14-0007 |
| Filed | December 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's contempt orders finding plaintiff insurer to be in indirect civil contempt for failing to obey orders requiring it to pay legal costs and fees in connection with an underlying pollution case involving a swine management company were reversed and the cause was remanded for further proceedings, since the orders arose from the underlying case and a related matter involving declaratory judgment proceedings, and in the underlying case, plaintiff was relieved of any obligation to pay the fees and costs when the trial court stayed that case until the appellate court issued a judgment in the original appeal, and therefore, plaintiff's failure to pay could not constitute contempt; additionally, with regard to the declaratory judgment action, plaintiff's failure to pay was excused by the facts that the trial court never determined an amount to be paid, defendants never established the reasonableness of the fees sought or provided any bill showing a gross amount due or provided time records to support their invoices, and the trial court never found plaintiff's denial of coverage was vexatious and unreasonable. |

| Decision Under Review | Appeal from the Circuit Court of Schuyler County, No. 09-MR-7; the Hon. Alesia A. McMillen, Judge, presiding. |
|---|---|
| | |
| Judgment | Reversed; cause remanded with directions. |
| | |
| Counsel on Appeal | Kent R. Schnack, of Law Office of Kent R. Schnack, P.C., of Quincy, Keith G. Carlson, of Carlson Law Offices, of Chicago, Michael T. Reagan, of Law Offices of Michael T. Reagan, of Ottawa, and Charles I. Hadden (argued), of Troutman Sanders LLP, of Washington, D.C., for appellant. |
| | Edward W. Dwyer and Jennifer M. Martin, both of Hodge Dwyer & Driver, and Richard J. Wilderson (argued), of Graham & Graham, Ltd., both of Springfield, Charles F. Speer, of Speer Law Firm, P.A., of Kansas City, Missouri, and Ralph D. Davis, of Ralph Davis Law, of Peoria, for appellees. |
| | |
| Panel | PRESIDING JUSTICE POPE delivered the judgment of the court, with opinion. <br> Justices Harris and Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1  On December 13, 2013, the trial court entered an order finding Country Mutual Insurance Company (Country) willfully failed to comply with orders the court entered on October 26, 2012, and February 21, 2013. As a result, the court found Country to be in indirect civil contempt "for its willful failure and refusal to obey the [c]ourt's October 26, 2012, and February 21, 2013[, o]rders." To purge itself of contempt, the court directed Country to pay the clerk of the court, on behalf of defendants Hilltop View, LLC (Hilltop), and Professional Swine Management, LLC (PSM), $96,990.04, "which includes all reasonable legal costs and fees incurred by [Hilltop and PSM] in connection with this declaratory judgment proceeding" between February 21, 2013, and October 8, 2013. In addition, the court found Country's course of conduct regarding the October and February orders had been "vexatious and unreasonable and in bad faith." The court ordered Country, purportedly pursuant to section 155 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/155 (West 2010)), to take such actions as are necessary to comply with the February 21, 2013, orders, including payment of all reasonable legal costs and fees incurred by Hilltop and PSM in connection with the case *sub judice* on a

continuing basis until the court discharged that obligation. Country appeals, arguing the court erred in holding it in contempt for violating the October and February orders and for awarding PSM and Hilltop their attorney fees and costs in litigating the case *sub judice*. We reverse the trial court's contempt order in its entirety and remand for further proceedings pursuant to this opinion and this court's prior opinion in *Country Mutual Insurance Co. v. Hilltop View, LLC*, 2013 IL App (4th) 130124.

¶ 2                                    I. BACKGROUND

¶ 3        Because the background in this case was extensively covered in this court's earlier opinion (see *Country Mutual Insurance Co. v. Hilltop View, LLC*, 2013 IL App (4th) 130124), we need not repeat background facts here except as necessary. In that appeal, Country argued the trial court erred by (1) denying its motion for partial summary judgment, which relied on the pollution-exclusion clause found in Country's umbrella insurance policy and (2) granting Hilltop's and PSM's respective cross-motions for partial summary judgment, holding Country was responsible for defending them in the underlying case because Country alleged additional, and still unresolved, defenses to coverage under the umbrella policy. We refer to these rulings as the October orders. What occurred after those October orders is at issue in this appeal.

¶ 4        After the trial court issued the October orders, on November 5, 2012, attorney Jennifer Martin, who was representing Hilltop and PSM in the declaratory judgment action, wrote a letter to attorney Keith G. Carlson, who was representing Country, demanding payment of Hilltop's and PSM's defense costs in the underlying case in the amount of $176,937. (No itemized time records were attached.)

¶ 5        On November 14, 2012, Hilltop and PSM filed a joint petition for further relief pursuant to section 2-701(c) of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-701(c) (West 2010)). The petition alleged the following. Attorney Martin received no response to her letter to attorney Carlson. On November 9, 2012, attorney Alexander Bullock, Hilltop and PSM's counsel in the underlying litigation, advised Country of the status of the underlying case and sought confirmation of defense coverage from Country in light of the trial court's October 26, 2012, order. Country responded by electronic mail, stating it did not believe the trial court's October 26, 2012, order was enforceable or appealable at that time pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). Country also indicated to Bullock it had not made a decision with regard to reimbursing the insureds' defense costs in the underlying action.

¶ 6        On November 26, 2012, Country filed a motion to vacate and reconsider the judgment pursuant to section 2-1203 of the Procedure Code (735 ILCS 5/2-1203 (West 2010)) and a motion to stay enforcement of the judgment. Country argued the trial court erred in denying its partial motion for summary judgment. In the alternative, Country argued the court should vacate its order "granting Defendants' cross-motion, which states that Country is responsible for Defendants' defense, and instead deny Defendants' cross-motions." Country argued the court erred in granting Hilltop and PSM's cross-motion for partial summary judgment because Country's complaint for declaratory judgment raised many coverage defenses the parties had not briefed and the court did not address.

¶ 7        In the motion for a stay, Country stated it also did not agree either of the October orders was final or enforceable. However, in the alternative, given Hilltop's and PSM's attempts to enforce the trial court's determination Country was responsible for the defense in the

underlying litigation, Country sought a stay of enforcement of the judgment pending resolution of Country's section 2-1203 motion as well as through the conclusion of any appeal that might be allowed. Country also filed a response to Hilltop and PSM's joint petition for further relief, utilizing the same arguments it made in the motion to vacate and reconsider judgment.

¶ 8        On December 18, 2012, Hilltop and PSM filed joint responses to Country's motion to vacate and reconsider the judgment and Country's motion to stay enforcement of the judgment. They argued the trial court did not err in its application of existing law regarding the pollution exclusion found in the umbrella policy. Further, according to Hilltop and PSM, the court's ruling regarding Country's responsibility for their defense in the underlying action was not premature and should not be vacated. Finally, they noted the order granting their motions for summary judgment was a final judgment because it determined Country's obligation to defend the insureds in the underlying action. They did not object to a Rule 304(a) finding on the issue. However, they did oppose Country's request for a stay.

¶ 9        On January 10, 2013, the trial court heard arguments on and denied Country's motion for reconsideration and motion to vacate its partial summary judgment order but granted Country's request for a Rule 304(a) finding. The trial court took Hilltop and PSM's joint petition for further relief and Country's motion for stay under consideration.

¶ 10       On February 11, 2013, Country filed its notice of appeal for the October orders (No. 4-13-0124). Later that month, on February 21, 2013, the trial court issued orders on Hilltop and PSM's joint petition for further relief and Country's motion to stay enforcement of the judgment. With regard to Hilltop and PSM's joint petition for further relief, the court noted it was ordering a stay of the underlying case (case No. 2008-L-2) negating the need for defense costs in that case. The court also stated it would not take up the issue of past defense costs in the underlying case at that time but would wait for a decision from the appellate court. The court denied a stay as to the proceedings in the declaratory judgment action and found Country was responsible for costs of litigation with regard to the declaratory judgment action. However, the court had never held a section 155 hearing to determine whether Country's decision not to provide coverage was vexatious and unreasonable. Neither of the trial court's February orders mentioned above included a Rule 304(a) finding.

¶ 11       After the trial court issued these February orders, Country sought leave to amend its existing notice of appeal of the trial court's October orders to include the February orders. Hilltop and PSM opposed the motion. This court denied Country's request because Country had not obtained a Rule 304(a) finding.

¶ 12       On May 9, 2013, attorney Martin sent attorney Carlson a letter with an invoice requesting Country pay, pursuant to the trial court's February order, $16,992.69 for the insureds' legal fees in this case for the period between February 21, 2013, and April 30, 2013. (No itemized time records were attached.) On May 30, attorney Carlson responded the summary of fees provided by Martin, "even if there was any obligation to pay these fees," was inadequate and improper under the law.

¶ 13       On June 3, 2013, attorney Richard Wilderson, who was also representing Hilltop and PSM, sent attorney Carlson a letter for payment of $3,443.50 in attorney fees for the period between February 11, 2013, to April 30, 2013, pursuant to the trial court's February 21, 2013, order. (No time records were attached.) On June 18, 2013, attorney Carlson responded to attorney Wilderson's letter, repeating what he told attorney Martin.

¶ 14 On June 18, 2013, Hilltop and PSM filed a verified joint petition for adjudication of civil contempt. According to the petition, Country had willfully failed to comply with the trial court's October 2012 orders, which held Country was responsible for Hilltop's defense in the underlying litigation, and February 2013 orders, which held that Country was responsible for Hilltop and PSM's legal costs and fees in connection with the declaratory judgment action. Hilltop and PSM further alleged:

> "20. Country Mutual's course of conduct regarding the Insureds' notice of claim and request for a defense in the underlying Litigation under the Umbrella policy has been vexatious and unreasonable and in bad faith. ***

> 21. This Court has jurisdiction over the parties and subject matter, and based on Country Mutual's vexatious and unreasonable conduct, has the power to order Country Mutual to pay the Insureds' legal fees and costs in this declaratory judgment proceeding. ***

> 22. Country Mutual is in contempt of this Court's February 21, 2013[,] Orders. Under Illinois law, a litigant's disagreement with a court's decision does not excuse the litigant from the obligation to obey it."

¶ 15 On July 19, 2013, Country filed its response to the verified joint petition for adjudication of civil contempt. According to its response:

> "The [trial court's February 21, 2013, order on Country's motion to stay enforcement of the judgment] stated that Country would be 'responsible' for Defendants' attorneys' fees in the present coverage action, but did not determine any amount owed by Country and did not include any finding under Supreme Court Rule 304(a) to make the order immediately enforceable. Nevertheless, rather than taking steps to seek a final enforceable order from the Court, Defendants simply presented Country with an unsupported statement of the amount allegedly incurred and demanded immediate payment.

> Defendant's claim of indirect civil contempt is groundless. In declining Defendants' demand, Country did not disobey any term of the [trial court's February 21, 2013, order]–much less act in contempt of this Court. The [February 21 order] was (1) not final because it did not fix the amount owed by Country or adjudicate the reasonableness of the amounts claimed, (2) not enforceable because it did not include a finding under Supreme Court Rule 304(a) that would have been necessary to make a final [*sic*] order immediately enforceable, and thus (3) did not require Country to accede to Defendants' premature demand for immediate payment. Moreover, even if the [February 21 order] could reasonably be interpreted in the manner claimed by Defendants (which it cannot for the reasons discussed more fully below), Country had a reasonable basis for declining Defendants' demand under the circumstances, and its actions did not reflect willful disobedience of a court order."

¶ 16 On October 8, 2013, the trial court held a hearing on the motion for indirect civil contempt. Hilltop and PSM took the position the court's February 2013 order required Country to prospectively pay their defense costs in the declaratory judgment action from the date of the order. According to Hilltop and PSM:

> "Now, we have–those orders on that date to us indicated that you intend for Country Mutual to pay for the cost of the defense in this insurance coverage litigation.

And that actually is what Country Mutual took it to read too because they filed a Notice of Appeal of your February 2013 orders with the Fourth District Appellate Court, and they indicated the same thing. They asked the Court to take on the issue, for leave to appeal these orders to the extent that the circuit court's February 2013 orders require Country to pay Hilltop's and PSM's cost of litigating the declaratory judgment action. And the Appellate Court subsequently denied that Motion for Leave to Appeal.

It's significant, your Honor, that Country Mutual did not, number one, seek reconsideration of your February 2013 orders or ask this Court for a Rule 304(a) finding. It has never done either one of those things. And, again, we were left kind of in a position where we did not know what to do in order to enforce your February 2013 ruling requiring Country to pay the cost of defense coverage in this case. So we filed this Petition for Civil Contempt."

¶ 17      Country made several arguments to the trial court, including that the February order was not enforceable without a Rule 304(a) finding because Hilltop and PSM had a counterclaim pursuant to section 155 of the Insurance Code (215 ILCS 5/155 (West 2010)) requesting their coverage costs in the declaratory judgment action. Country also argued the court made no finding Country's actions in denying coverage were vexatious and unreasonable, which is a prerequisite to a finding Country is responsible for coverage costs in the declaratory judgment action pursuant to section 155 of the Insurance Code (215 ILCS 5/155 (West 2010)). Indeed, the court never held a hearing to determine whether Country's decision to deny coverage was vexatious and unreasonable under section 155 of the Insurance Code (215 ILCS 5/155 (West 2010)).

¶ 18      According to Country, its decision not to pay the costs pursuant to the February order was more than just a matter of Country disagreeing with the court's February order. Instead, Country was "looking for indicia that it was time to pay." Country argued it did not willfully disobey any court orders and did not intend to embarrass or hinder the trial court.

¶ 19      After hearing arguments from the parties, the trial court stated:

"I think my order was very specific in February. I found that, and I had found before back in October, that Country Mutual, in my estimation, was responsible for the defense. That was appealed. Great. We're waiting on the Appellate Court to decide whether I'm right or wrong in that. *** But, nonetheless, the Court's orders deserve the respect of the parties to be followed once they're issued, and that's the question here. Because after I issued that, there still [weren't] any payments, that my order said that there was a requirement for defense. So then these motions were brought by the defendants. Again, at the first of the year we had a hearing in February on them to determine whether indeed my order meant, I meant to say that there was coverage and consequently that meant that Country Mutual would have to pay for the defense. ***

*** I did not stay this case, and I specifically said that I entered an order requiring Country Mutual to provide coverage to the defendants in this case. I also did say, and I wouldn't have had to do it. I could have ordered back payment, as well as future payment. I could not have stayed the litigation in the underlying what I'll call substantive case, 2008-L-2, but I did those things in an effort to be fair to all parties, based on my prior substantive filings of what I believed the law was and the law required in terms of coverage. But there was no question that my order directed Country Mutual to provide [attorney fees] to the defendants in this case. I stayed the

case in chief so that I said there would be no need of discussing [attorney fees] in that case. And I wasn't going to take up an issue of past costs pending a determination by the Appellate Court in this case. And I thought it was specific, and I thought it was reasonable, given all the circumstances and the question of law. Because I agree with the plaintiffs here. It was a tough decision for me. I read the law. I think there's some contradictions in it. I studied it as best I could, reviewed your briefs, listened to your arguments, and made a decision that satisfied one party and doesn't satisfy the other party. That's how it is. It's being appealed now. But there's no question about what I ordered.

And here, here we are again, months and months later, almost a year later after my initial order, and we have the plaintiff still refusing coverage. And why are they refusing coverage? Because they say that they've determined that my order isn't enforceable. Well, now that's an interesting concept, that parties get to decide whether or not they're going to follow a court's order because they get to decide whether the order's enforceable or not.

I agree with Ms. Martin in this case, that while this order might not be appealable, it is enforceable. And therefore–and I can't find–I mean, it's obviously willful. The plaintiffs have made a decision they're not going to follow the order. They don't feel they have to. They've decided it's not an enforceable order. So willful, yes, it's willful. They've made that direct determination. It's not a mistake or something they overlooked. They've made that determination.

Now, when we find ourselves here a year later and heaven knows how many motions later and still questioning the cost of coverage and payment of the defense in this case based on the Court's ruling almost a year ago, is it unreasonable? Yeah, it's unreasonable. Is it vexatious? That may be the more difficult one for me. But it is so clear what my intention was and what the requirement was. And a party just doesn't get to say–there was no Motion to Reconsider, no motion for me to be more clear about what I meant with that order filed by the plaintiffs. They just ignored it because they've determined it's not an enforceable order. And so, based on all that, I do find it's vexatious and unreasonable. I find that Country Mutual is in contempt of the Court's order in February and, once again, make absolutely crystal clear that they were to pay all defense cost under their coverage of their policy from \*\*\* February 21st, 2013[,] forward."

Thus, the trial court found Country's failure to pay Hilltop's and PSM's litigation costs in the declaratory judgment action pursuant to the court's February 2013 order was vexatious and unreasonable, in other words, contemptuous. The court has never determined in a section 155 hearing Country's decision to seek a declaratory judgment regarding coverage was vexatious and unreasonable. Rather, when the court refers to Country's obligation to provide "coverage" to defendants in the declaratory judgment action, it appears to be referring to "costs of defense" in the declaratory judgment action. The following exchange then occurred between attorney Hadden, representing Country, and the trial court:

"[ATTORNEY HADDEN]: Your Honor, may I ask you a question just so that we don't–

[THE COURT:] Sure.

[ATTORNEY HADDEN]: –further this issue, this problem. You were talking about paying the defense costs under the policy. We have no question. We understood that you were telling us that in your October orders. The contempt petition is about paying their coverage costs in this, their defense cost in this litigation on coverage. Those are two separate sets of costs.

[THE COURT]: Well, my intention is that both will be paid in this case until the Appellate Court tells me, if they tell me, I was wrong. So that was my intention.

[ATTORNEY HADDEN]: And how much is it that we're supposed to pay at this point because we're unclear as to that amount?

[THE COURT]: Well, I'm assuming you have bills. I have not–

[ATTORNEY HADDEN]: No, we have not received a bill. We received something from them that is not a bill, telling us how much the amount is supposed to be, but the Court has made no determination of, that that's reasonable. And it's not a bill.

[THE COURT]: Okay. Well, you know, then don't pay anything, and we'll be back here with another motion, and I'll be deciding something again.

Okay.

[ATTORNEY HADDEN]: No we want to comply.

[THE COURT]: You will prepare an order to that effect, Ms. Martin."

¶ 20    On December 13, 2013, the trial court entered an order, making the following findings: (1) Country willfully failed to comply with the court's order entered on October 26, 2012, which held that Country was responsible for the insureds' defense in the underlying case under Country's umbrella policy; (2) Country willfully failed to comply with the trial court's February 21, 2013, order which held Country responsible for Hilltop's and PSM's legal fees and costs incurred in connection with the declaratory judgment proceeding; and (3) Country's course of conduct with regard to the trial court's opinion and orders entered on October 26, 2012, and February 21, 2013, had been vexatious, unreasonable, and in bad faith. As a result, the court found Country to be in indirect civil contempt for its willful failure and refusal to obey the Court's October 26, 2012, and February 21, 2013, orders. In order to purge itself of contempt, the order stated Country needed to pay $96,990.04, "which includes all reasonable legal costs and fees incurred by Insureds in connection with this declaratory judgment proceeding from the date of this Court's February 21, 2013[,] orders through October 8, 2013." The court further ordered Country to take actions necessary to comply with the February 21, 2013, orders on a continuing basis, including paying all reasonable legal fees and costs incurred by Hilltop and PSM in connection with the declaratory judgment action pursuant to section 155 of the Insurance Code (215 ILCS 5/155 (West 2010)).

¶ 21    On December 30, 2013, Country filed its notice of appeal. On January 7, 2014, the trial court approved Country's appeal bond in the amount of $349,164.06. The court noted the appeal bond effected a stay of the order appealed from pursuant to Illinois Supreme Court Rule 305 (eff. July 1, 2004).

¶ 22    This appeal followed.

¶ 23                                    II. ANALYSIS

¶ 24    Country raises three issues on appeal: (1) whether the circuit court erred in holding Country in contempt for not making immediate payment of the defense costs in the underlying

case pursuant to the October 2012 orders; (2) whether the trial court erred in holding Country in contempt for not making immediate payment of Hilltop's and PSM's attorney fees in the declaratory judgment action pursuant to the February 2013 orders; and (3) whether the trial court erred in finding Country's conduct in response to the October orders and the February orders was vexatious, unreasonable, and in bad faith, when there was at least a *bona fide* dispute regarding Country's position.

¶ 25 Any finding of indirect civil contempt requires the existence of an order of the court and proof of willful disobedience of the order. *In re Marriage of Spent*, 342 Ill. App. 3d 643, 653, 796 N.E.2d 191, 200 (2003). "The burden rests upon the alleged contemnor to show that noncompliance was not willful and contumacious and that he or she has a valid excuse for failure to follow the court order." *Id.* Because findings of indirect civil contempt involve questions of fact, we will only overturn a trial court's finding of indirect civil contempt if it is against the manifest weight of the evidence. *Busey Bank v. Salyards*, 304 Ill. App. 3d 214, 217, 711 N.E.2d 10, 14 (1999). However, "[w]hen the facts are not in dispute, their legal effect may be a question of law, which this court considers *de novo*." *Id.* "[I]f divergent inferences could have been drawn from the undisputed facts, a question of fact remained to be determined and the manifest weight of the evidence standard is applied on review [citation]." *Id.*

¶ 26 Generally, assuming a trial court has the necessary jurisdiction, a party must obey a trial court's respective orders, regardless of whether the court erred in entering the respective orders, until any erroneous order is set aside. *Faris v. Faris*, 35 Ill. 2d 305, 309, 220 N.E.2d 210, 212 (1966). Further, the fact a party disagrees with a court's order does not mean the party can simply ignore the order. *In re Estate of Steinfeld*, 158 Ill. 2d 1, 19, 630 N.E.2d 801, 810 (1994). A party's failure to comply with a court order is *prima facie* evidence of contempt. *In re Marriage of Harvey*, 136 Ill. App. 3d 116, 117-18, 483 N.E.2d 397, 398 (1985).

¶ 27 The parties dispute when the trial court's October and February orders, with regard to the court's judgment Country was responsible for Hilltop's and PSM's defense in the underlying case (October order) and cost of litigation in the case *sub judice* (February order), became enforceable. The court and counsel for Hilltop and PSM clearly believed the orders became enforceable at the moment the court issued those orders. However, Country has argued throughout this case the court's orders in question were not enforceable without a ruling pursuant to Rule 304(a).

¶ 28 Rule 304(a) states:

"Judgments As To Fewer Than All Parties or Claims–Necessity for Special Finding. If multiple parties *or* multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims *only* if the trial court has made an express written finding that there is no just reason for delaying *either enforcement or appeal or both*. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing a notice of appeal shall be as provided in Rule 303. In computing the time provided in Rule 303 for filing the notice of appeal, the entry of the required finding shall be treated as the date of the entry of final judgment. *In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the*

*claims, rights, and liabilities of all the parties*." (Emphases added.) Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010).

Because the case *sub judice* involves multiple claims by Country and against Country, Rule 304(a) affects the enforceability of any "judgment that adjudicates fewer than all the claims" in this case.

¶ 29    Both Hilltop and PSM filed counterclaims against Country. Both counterclaims asked the court to enter a declaratory judgment ruling, which included, among other requests for relief, requests for the trial court to find Country (1) had a duty and obligation to defend and indemnify Hilltop and PSM in the underlying case and (2) pay Hilltop's and PSM's costs, including attorney fees, in the declaratory judgment action pursuant to section 155 of the Insurance Code (215 ILCS 5/155 (West 2010)).

¶ 30    As a result, Country views the portions of the October 2012 and February 2013 orders at issue in this appeal as judgments adjudicating claims raised by Hilltop and PSM in their case against Country. Because these "judgments" adjudicated fewer than all the claims in the case, Country contends the trial court's orders requiring payment of Hilltop's and PSM's attorney fees and costs in the underlying case and the declaratory judgment action were not enforceable until either judgment had been reached on all the claims in the case or a Rule 304(a) finding was made by the trial court "that there is no just reason for delaying *either enforcement or appeal or both*" of the orders. See Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010) ("In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."). On the other hand, the trial court, Hilltop, and PSM viewed the rulings not as "judgments" but simply as immediately enforceable ancillary orders. We need not determine who was right on this issue to decide this appeal.

¶ 31    With regard to the October orders, the trial court did make a written Rule 304(a) finding on January 29, 2013, finding no just reason for delaying either enforcement or appeal or both of the court's October orders. At that point, the court's October orders became appealable, and Country appealed. At that time, the trial court was still considering Country's motion to stay enforcement of those October orders pending a decision on appeal. (We note Country made clear it did not believe the October orders were enforceable at the time it filed its motion for stay but filed the motion because Hilltop and PSM clearly believed the order was enforceable at that time and were demanding immediate payment.)

¶ 32    Just over three weeks later, on February 21, 2013, the trial court denied Country's motion for a stay as to the declaratory judgment action but entered a stay on the underlying case. When ruling on Hilltop and PSM's joint petition for further relief, the court stated:

"This court has entered orders today in this cause and the case in chief, 2008-L-2, ordering Country Mutual to provide coverage to the Defendants in this cause and ordering a stay of the litigation in 2008-L-2, thereby negating the need for defense costs in that case until a final determination is made in the current case.

The Court will not take up the issue of past costs in the 2008-L-2 case at this time, but only after an appeal determination is made in this case."

The court let Country off the hook on February 21, 2013, for Hilltop's and PSM's defense costs in the underlying case, at least for the time being, by staying that case and putting off

payment of past costs in that case until after this court issued its judgment in the original appeal. In light of the stay, Country's decision not to pay any money for the cost of defense in the underlying action pursuant to the October orders cannot constitute contempt. It was therefore error for the court to hold Country in contempt for not paying fees in the underlying litigation.

¶ 33    In addition, Country's actions with regard to the February orders do not rise to the level of contempt. Both parties concede trial court orders on ancillary issues must be obeyed until the order is set aside. (As noted earlier, Country contends the order to pay attorney fees was a judgment on a claim in the litigation, not an ancillary order.) In the February orders, the trial court made a broad ruling Country was responsible for Hilltop's and PSM's litigation costs in the declaratory judgment action. However, the trial court never determined an amount to be paid. Further, neither Hilltop nor PSM provided Country with anything other than a bill showing a gross amount due for litigation costs. They never provided Country with time records to support their various invoices.

¶ 34    Section 155 of the Insurance Code (215 ILCS 5/155 (West 2010)) allows a trial court to award reasonable attorney fees once a court finds the insurer vexatiously and unreasonably denied coverage. However, the party seeking attorney fees has the burden of establishing the reasonableness of the fee. In *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978, 983-84, 518 N.E.2d 424, 427-28 (1987), the court stated:

> "It is *** well settled that the party seeking the fees, whether for himself or on behalf of a client [citation], always bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness [citations]. An appropriate fee consists of reasonable charges for reasonable services [citation]; however, to justify a fee, more must be presented than a mere compilation of hours multiplied by a fixed hourly rate or bills issued to the client [citation], since this type of data, without more, does not provide the court with sufficient information as to their reasonableness–a matter which cannot be determined on the basis of conjecture or on the opinion or conclusions of the attorney seeking the fees [citations]. Rather, the petition for fees must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor. [Citations.] Because of the importance of these factors, it is incumbent upon the petitioner to present detailed records maintained during the course of the litigation containing facts and computations upon which the charges are predicated. [Citations.]"

Based on the transcript of the contempt hearing, neither the trial court nor Country had seen any itemized bills establishing the reasonableness of the attorney fees in this case. Without an order directing Country to pay a sum certain for attorney fees, the court could not appropriately hold Country in contempt for failing to pay an amount determined solely by Hilltop's and PSM's attorneys. Thus, the court erred when it found Country in contempt for failing to pay attorney fees in this case pursuant to the court's February order.

¶ 35    The trial court also erred in its February order by directing Country to pay Hilltop's and PSM's attorney fees in the declaratory judgment action because it had not found, pursuant to section 155 of the Insurance Code (215 ILCS 5/155 (West 2010)), that Country's decision to deny coverage was vexatious and unreasonable. Hilltop and PSM needed to litigate and prove Country's conduct was in fact vexatious and unreasonable if they wanted the court to impose attorney fees. Instead, the court applied the vexatiousness standard of section 155 to Country's

failure to pay the fees, rather than its failure to provide coverage. The coverage action has not been fully decided as of yet, and without a finding there is coverage, and that Country vexatiously and unreasonably denied coverage, the attorney-fee issue in the declaratory judgment action was not ripe.

¶ 36                                             III. CONCLUSION

¶ 37        For the reasons stated, we reverse the trial court's contempt order in its entirety. The appeal bond posted by Country should be returned. We remand this case for further proceedings pursuant to our decision in the case *sub judice* and our prior opinion in *Country Mutual Insurance Co. v. Hilltop View, LLC*, 2013 IL App (4th) 130124.

¶ 38        Reversed; cause remanded with directions.